UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENIS DAVID CORTES PINEDA
(A-245-165-926),

          Petitioner,

    v.

WARDEN, California City Correctional
Center,  et al.,

          Respondents.

Case No.  2:26-cv-00775 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Denis David Cortes Pineda (A-245-165-926), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority.  (Id. at 7-8) (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

I.    **LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.    DISCUSSION**

On March 9, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On March 10, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed by other cases issued by the district court.  (ECF No. 5 (citing Selis Tinoco v. Noem, No. 1:25-cv-01762 DC JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, No. 1:25-cv-01598 DC SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, No. 1:25-cv-01996 DC JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026)).  The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above that would justify denial of injunctive relief.  (ECF No. 5.)  On March 11, 2026, respondents filed a response to the petition and opposition to the motion for a temporary restraining order.  (ECF No. 7.)  In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225, but also acknowledged that this case does not appear to present any facts distinguishing it substantively from the cases cited by the district court in the March 10, 2026 order.  (ECF No. 7 at 1-3.)  On March 12, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the three cases cited in the March 10, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF No. 8.)  In addition to granting petitioner's immediate release, the district court ordered that respondents shall not impose any additional restriction on petitioner,

2

such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing, and if the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.  (Id.)  The district court further ordered that the order granting the preliminary injunction did not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On March 18, 2026, this Court granted petitioner ten days to file a response to respondents' response to the petition and opposition to the motion for temporary restraining order.  (ECF No. 9.)  Ten days passed and petitioner did not file a response.  See Docket.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights and 8 U.S.C. § 1226(a) by re-detaining him and continuing to detain him without a hearing.  See Selis Tinoco, 2025 WL 3567862; Labrador-Prato, 2025 WL 3458802; D.L.C., 2026 WL 25511.  As the district court explained in Selis Tinoco and Labrador-Prato, respondents' contention that § 1225 applies to noncitizens who have been present within the United States for a meaningful period of time is unavailing because of the weight of authority rejecting such a broad reading of § 1225.  See Selis Tinoco, 2025 WL 3567862, at *3-5; Labrador-Prato, 2025 WL 3458802, at *2-4.  As the district court explained in Selis Tinoco, Labrador-Prato and D.L.C., petitioner's detention without a bond hearing violates petitioner's right to due process under the Fifth Amendment.  See Selis Tinoco, 2025 WL 3567862, at *5-7; Labrador-Prato, 2025 WL 3458802, at *4; D.L.C., 2026 WL 25511, at *3-5.

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) and Carballo v. Andrews, No. 25-6533

(9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondent from re-detaining petitioner, absent establishment of detention authority pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231, unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

## III.    MOTION TO DISMISS

Petitioner named as respondents Warden of the California City Correctional Center, ICE San Diego Field Office Director, ICE Acting Director, Secretary of the Department of Homeland Security and the United States Attorney General.  (ECF No. 1 at 3.)  Respondents filed a motion to dismiss all respondents but for petitioner's immediate custodian, Warden of the California City Correctional Center.  (ECF No. 6.)

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent ...." Doe v. Garland, 109 F.4th 1188, 1195 (9th Cir. 2024).  As petitioner challenged only his present physical confinement, a core habeas challenge, the Warden of the California City Correctional Center, where petitioner was detained, is the only proper respondent.  Accordingly, respondents' motion to dismiss should be granted.

## IV.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 6) be granted and all respondents but for Warden of the California City Correctional Center be dismissed.

4

2.  The petition for writ of habeas corpus be GRANTED.

3.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Denis David Cortes Pineda (A-245-165-926), absent establishment of detention authority pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231, unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

4.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pine775.26.imm.merits/2

5